

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-76,324-02

### EX PARTE STEVEN LYNN LONG, Applicant

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. W05-52918-R(B) IN THE 265TH JUDICIAL DISTRICT COURT DALLAS COUNTY

*Per curiam.*

## O R D E R

In October 2006, a jury found Applicant guilty of the offense of capital murder.

*See* TEX. PENAL CODE § 19.03(a).  Based on the jury's answers to the statutory

punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the

trial court sentenced Applicant to death.[1]  This Court affirmed Applicant's conviction and

sentence on direct appeal.  *Long v. State*, No. AP-75,539 (Tex. Crim. App. Apr. 8, 2009)

---

[1]  Unless otherwise indicated, all references in this order to Articles refer to the Texas Code of Criminal Procedure.

(not designated for publication). We denied relief on Applicant's initial post-conviction application for a writ of habeas corpus. *Ex parte Long*, No. WR-76,324-01 (Tex. Crim. App. Mar. 7, 2012) (not designated for publication).

On August 3, 2017, Applicant filed in the trial court his first subsequent application for a writ of habeas corpus, in which he raised a claim that he is intellectually disabled. After reviewing the application, this Court determined that the claim met the dictates of Article 11.071 § 5, and we remanded the application to the trial court for a review on the merits. *Ex parte Long*, No. WR-76,324-02 (Tex. Crim. App. June 27, 2018) (not designated for publication). The trial court held an evidentiary hearing on the subsequent application in March 2020. At the hearing, State expert witness Dr. Jed Falkowski essentially stated that he did not have sufficient evidence to determine that Applicant was intellectually disabled. However, the State continued to investigate the claim, including by employing a new expert, Dr. Kristi Compton.

Meanwhile, the trial court ordered the parties to file proposed findings of fact and conclusions of law by June 23, 2020. Applicant filed his proposed findings and conclusions, but the State failed to do so.

On January 13, 2021, because it had been two and a half years since we remanded the application to the trial court, we ordered the trial court to resolve any remaining issues in the case within 90 days from the date of the order, and we instructed the clerk to thereafter immediately transmit the complete writ record to this Court. The trial court

issued findings and conclusions on March 2, 2021, and the clerk thereafter transmitted the record to this Court.

Also in March 2021, the new State's expert Compton was finally able to evaluate Applicant in person and determined that Applicant is intellectually disabled. Given the evaluation, the State has now reconsidered its position on Applicant's intellectual disability claim. Thus, on March 10, 2021, the parties jointly moved the trial court to reopen the evidentiary hearing, and the State "noticed its withdrawal of [the first expert's (Falkowski's)] prior testimony." On March 30, 2021, the trial court denied the parties' motion to reopen the evidentiary hearing, noting also that it would not allow the State to withdraw Falkowski's previously offered expert testimony, and it would not consider the proffer of new evidence (from Compton) because it was untimely.

Also on March 30, the parties filed a joint motion in this Court asking us to remand the case to reopen the evidentiary hearing, or, alternatively, to allow the parties to supplement the record directly in this Court. On April 26, 2021, the parties filed a joint motion to stay the proceedings in this Court to allow the filing of additional evidence in the trial court. Specifically, the parties request that they be allowed to supplement the record with "Compton's July 2020 and March 2021 reports and Dr. Compton's testimony about her findings." The parties also appear to want this Court to explicitly allow the withdrawal of Falkowski's testimony.

Because we have received Applicant's Article 11.071 application from the district

clerk, but have not filed and set the application, we will stay the proceedings in this Court pending the filing of Compton's reports in the trial court. *See* TEX. R. APP. P. 73.7(b). We leave the decision to the trial court whether to reopen the evidentiary hearing to allow any testimony from Compton. We also uphold the trial court's previous ruling disallowing the withdrawal of Falkowski's testimony.

The State shall file Compton's reports with the district clerk within 15 days of the date of this order. The district clerk shall immediately send a copy of the filed reports to the habeas judge and Applicant's counsel. Within 45 days of receiving the filed reports from the district clerk, the habeas judge shall: (1) determine whether to reopen the evidentiary hearing, including any parameters on that hearing, if reopened; and (2) make supplemental written findings of fact and conclusions of law regarding what effect, if any, the reports, and any additional materials allowed to be filed by the trial court, have on Applicant's intellectual disability claim. Immediately thereafter, the district clerk shall forward to this Court a supplemental record containing Compton's filed reports, the habeas court's supplemental findings and conclusions, and, should the trial court reopen the hearing, any additional documents filed, and the transcripts of any hearings. Any extensions of this time shall be requested by the trial court and obtained from this Court.

IT IS SO ORDERED THIS THE 9TH DAY OF JUNE, 2021.

Do Not Publish